IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00077-MSK-CBS

TERRY UNRUH,

      Plaintiff,

v.

STATE OF COLORADO DEPARTMENT OF CORRECTIONS,

      Defendant.

## ORDER

Magistrate Judge Craig B. Shaffer

      At this court's direction, the parties in the above action have submitted a proposed Appendix to their Fed.R.Civ.P. 16 Scheduling Order that addresses electronic discovery. The court provides the following observations in an effort to assist the parties in drafting an Appendix that reflects issues that may bear upon the discovery of electronically stored information in this case.

      Plaintiff's Complaint, filed on January 13, 2008, alleges that in 2005, she was constructively discharged from her position as a captain with the Colorado Department of Corrections after serving for more than 15 years. Ms. Unruh contends that she was "treated as a *persona non grata*" and made the target of a pretextual investigation after she complained of being moved to the "graveyard shift to accommodate two male employees." The Complaint further alleges that the Department of Corrections "has demonstrated a pattern of discrimination against women and is culpable for classwide discrimination against women in favor of men."

1

*See* Complaint, at ¶¶ 13, 14, 18, 20, 21 and 24.

During the scheduling conference on April 14, 2008, Plaintiff's counsel indicated that electronically stored information would be the subject of discovery in this case. The original Scheduling Order tendered for the court's review stated that the "parties will make reasonable efforts to (i) preserve electronically stored information; (ii) facilitate discovery of electronically stored information; (iii) limit associated discovery costs and delay; and (iv) avoid discovery disputes relating to electronic discovery." There was no further explanation of what those "reasonable efforts" might entail. The proposed Scheduling Order also stated that "[n]o agreements have been reached yet for asserting claims of privilege or of protection as trial-preparation materials after production of computer-generated records."

Concerned by the lack of information provided in the Scheduling Order, I instructed counsel to have another Rule 26(f) conference directed specifically to the discovery of electronically stored information. Counsel were also directed to submit for the court's review "a written protocol that will govern the discovery of electronically stored information" in this case.[1] Unfortunately, the parties' proposed Appendix simply states that "the parties have agreed to preserve any and all electronic documents in existence that relate in any fashion to plaintiff's performance."

The proposed Appendix does not address the following subjects that could bear directly upon the scope of electronic discovery or trigger future discovery disputes:

---

[1]The court suggested that the parties might looked to the District of Kansas' "Guidelines for Discovery of Electronically Stored Information," at www.ksd.uscourts.gov, and the District of Maryland's "Suggested Protocol for Discovery of Electronically Stored Information," at www.mdd.uscourts.gov, for guidance in developing their protocol.

a. Pursuant to Fed.R.Civ.P. 26(b)(1), Plaintiff is entitled to obtain discovery of any non-privileged information relevant to her claim. *State of Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 2007 U.S. Dist. LEXIS 36308 (N.D. Okl. 2007) (acknowledging that the breadth of potentially discoverable electronically stored information is the same as the description of general discovery under Rule 26(b)(1)). It is not at all clear whether the parties' agreement to preserve electronic documents "that relate in any fashion to plaintiff's performance" also includes electronically stored information bearing upon complaints Ms. Unruh may have made to superiors concerning alleged gender discrimination or electronically stored information relevant to Plaintiff's allegation that the Department of Corrections engaged in a "pattern of discrimination against women."

b. The Complaint alleges that Ms. Unruh worked in the Department of Corrections for more than 15 years, but places particular emphasis on events that occurred in 2005. Have the parties agreed to the relevant time frame for purposes of discoverable electronically stored information?

c. The parties should identify pertinent computer systems (i.e., all Department computer systems or only those computers located at specific institutions or facilities).

d. The proposed Appendix indicates that the parties will preserve "electronic documents in existence." The parties' Appendix should indicate the specific steps the Department of Corrections has taken to preserve and segregate relevant electronically stored information?

e. The court cannot determine whether the reference to "electronic documents in existence" is limited to potentially discoverable information currently available on existing hard drives, servers and removable media, or also includes potentially discoverable information that is not readily accessible (i.e. stored on back-up or archival tapes)?

f. If discovery will extend to backup or archival systems, can the parties agree on a search protocol (i.e., key words, subject individuals, or date parameters) to reasonably limit the burdens and expense of that discovery? *Cf. Apsley v. The Boeing Co.*, 2007 WL 163201 (D. Kan. 2007) (addressing a search protocol in the context of a request for e-mail materials); *Treppel v. Biovail Corp.*, 2006 WL 278170 (S.D.N.Y. 2006) (suggesting that a stipulated search methodology, including the use of search terms, may be appropriate in electronic discovery).

g. Do counsel anticipate the need to notice any depositions or propound any interrogatories for the specific purpose of obtaining further information about the opposing party's computer systems or electronic records management

procedures?

h. What problems can be anticipated to arise in connection with electronic discovery in this case, including any limitations on search efforts considered to be unduly burdensome or unreasonably expense?

i. What procedures will apply if privileged electronically stored information is inadvertently disclosed? *See Hopson v. Mayor & City Council of Baltimore*, 232 F.R.D. 228 (D. Md. 2005).

g. Traditionally, the costs of discovery have been borne by the requesting party. *PSEG Power New York, Inc. v. Alberici Constructors, Inc.*, 2007 WL 2687670, *10 (N.D. N.Y. 2007) (recognizing that the traditional presumption regarding discovery costs "may place an undue burden or cost upon the responding party, especially when it comes to electronic discovery"). Have the parties considered to what extent and under what circumstances the costs of electronic discovery should be apportioned by the court?

The parties are hereby directed to submit a new Appendix that addresses the foregoing issues within ten (10) days of this Order.

DATED at Denver, Colorado, this 9th day of May, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge