IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00077-MSK-CBS

TERRY UNRUH,

    Plaintiff,

v.

STATE OF COLORADO DEPARTMENT OF CORRECTIONS

    Defendant.

---

## PROTECTIVE ORDER

    Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    3.    All information regarding federal income tax returns shall be designated "CONFIDENTIAL." CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

    4.    CONFIDENTIAL documents, materials, and/or information (collectively

"CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) the parties, including designated representatives for the entity defendants;

(c) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case; AND

(d) in the case of witness statements/interviews, the statement may be shown to the person who made the statement to verify its accuracy.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to

all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

APPROVED AND AGREED TO BY THE PARTIES THIS 1st DAY OF JULY, 2008:

| | |
|---|---|
| OLSEN & BROWN, LLC. | JOHN W. SUTHERS<br>Attorney General |
| *s/John R. Olsen* | *s/Alison Faryl Kyles* |
| JOHN R. OLSEN | ALISON FARYL KYLES |
| Attorney at Law | Assistant Attorney General |
| 8362 Greenwood Drive | 1525 Sherman Street, 7th Floor |
| Niwot, CO 80503 | Denver, CO 80203 |
| Telephone: (303) 652-1133 | Telephone: (303) 866-5241 |
| FAX: (303) 652-7501 | FAX: (303) 866-5443 |
| Attorneys for Plaintiff | Attorneys for Defendant |

DATED at Denver, Colorado, this 7th day of July, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge